United States District Court
Southern District of Texas
**ENTERED**
August 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHN SCOTT JOINER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-304 |
| § | |
| COLIN MURPHY, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Webster's ("the City") Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion")(Dkt. 29). After considering the Motion, the response[1], all relevant filings, and applicable law, the Court **GRANTS** Defendant's Motion to Dismiss, for the reasons as set forth below.

### BACKGROUND

Plaintiff John Scott Joiner ("Joiner") is a resident of Harris County, Texas. Joiner alleges that, while sitting in his car with a handgun, two of the City's officers approached him with their firearms drawn. *See* Dkt. 24, ¶ 10. Complying with the officers' instructions, Joiner threw his handgun away, exited his vehicle, and ceased movement. *Id.* at ¶¶ 12-14. Joiner further alleges that the officers, "without provocation," began using unnecessary and excessive force against him. *Id.* at ¶¶ 15-19. Specifically, the

---

[1] In Joiner's Response to the City's Motion to Dismiss, he included a request for leave to amend his first amended Complaint. *See* Dkt. 33.

1

officers struck Joiner in the face with a shotgun causing Joiner to fall to the ground. *See id.* at 21. Once on the ground, the officers continued to strike Joiner and kick him in the testicular area causing him pain and discomfort. *Id.* at ¶¶ 22-23. After Joiner was handcuffed a third officer arrived and tased him. *See id.*

Immediately following the alleged attacks, Joiner required medical treatment and was taken to St. John's Hospital and was eventually transferred to Ben Taub Hospital. *Id.* at ¶ 27. Joiner alleges that he suffered "a laryngeal fracture, a broken nose, broken teeth, cut and bruised gums, eye contusions, rib contusions, taser burns, and other injuries," as a direct result of the actions of the City's officers. *Id.* at ¶ 28.

Subsequently Joiner filed a Complaint in this Court against the City, Officer Murphy, and Officer Behler, claiming that while utilizing excessive force, the officers were acting under the color of the law. *Id.* at ¶ 38. Specifically, Joiner alleges that the City is liable for (1) upholding an unconstitutional policy and/or custom and (2) failing to properly train and/or hire the City's officers. *Id.* at ¶¶ 38-43. The City now moves to dismiss Joiner's § 1983 claim. The City contends that Joiner fails to allege any particular facts that would entitle him to relief from the City. *See* Dkt. 29. The City argues that Joiner's First Amended Complaint consists of boilerplate allegations that are supported by mere conclusory statements. *See id.* The Court agrees.

## RULE 12(B)(6) STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When ruling on a Rule 12(b)(6) motion to dismiss the

2

"[C]ourt will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)). It is also this Court's duty, when considering a 12(b)(6) motion, to accept all of the plaintiff's factual allegations as true and in the light most favorable to the non-movant. *Spivey*, 197 F.3d at 774. However, when allegations are mere conclusions they are not entitled to an assumption of truth by the Court. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

A 12(b)(6) motion is appropriate where a complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. at 663-64 (internal citations omitted).

## ANALYSIS

Joiner contends that his First Amended Complaint "sufficiently stated plausible claims for relief" against the City, precluding dismissal under Rule 12(b)(6). For the reasons explained below, the Court finds Joiner's First Amended Complaint (Dkt. 24) to be seriously deficient.

### A. Claims under 42 U.S.C. § 1983

Joiner claims that the City violated his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Joiner claims his Fourth Amendment rights were violated due to the City's (1) unconstitutional policy, custom, and practice; and (2) inadequate training, supervision, and hiring of the City's officers that ultimately authorized City's officers to excessively beat Joiner. *See* Dkt. 24, ¶¶ 44-63. To state a claim under § 1983, a plaintiff must show that he has been deprived of his rights under the Constitution and the laws of the United States and that the deprivation occurred under the color of the law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)).

#### 1. 42 U.S.C. § 1983 Claim for Unconstitutional Policy, Custom, or Practice against the City

Under § 1983 a city almost always has municipal immunity for isolated unconstitutional acts on the part of an employee.[2] *See Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Claims filed under § 1983 requires plaintiff to show, of three elements to establish municipal liability: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom. *See Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). "In the context of municipal liability, as

---

[2] In most cases, municipalities are not liable for civil rights violations under the theories of respondeat superior or vicarious liability. *John Doe 1 v. City of Wichita Falls*, No. 7-06CV-106-R, 2007 WL 959028, at *2 (N.D. Tex. Mar. 30, 2007) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

opposed to individual officer liability, it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details regarding the existence or absence of internal policies or training procedures prior to discovery." *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842-43 (S.D. Tex. 2011) (quoting *Hobart v. City of Stafford*, No. 4:09-CV-3332, 2010 WL 3894112, at *5 (S.D. Tex. Sept. 29, 2010)). Accordingly, the plaintiff need only provide minimal factual allegations at the motion to dismiss stage. *Id*. "Moreover, those allegations need not specifically state what the policy is, as the plaintiff will generally not have access to it, but may be more general" *Id*. General facts which point to prior violations by the police department would suffice to survive the motion to dismiss phase. *Id*. Here, Joiner fails to sufficiently allege plausible facts representing any of the above elements.

### i. A policymaker

A plaintiff must identify a policymaker who enacted, implemented, or enforced the policy which led to the alleged constitutional violations. *See Mathews v. City of San Antonio*, No. SA:14-CV-566-DAE, 2014 WL 7019984, at 3* (W.D. Tex. Dec. 11, 2014) (citing *Pivonka v. Collins*, No. 3:02–CV–742–G, 2002 WL 1477455, at *4 (N.D. Tex. July 5, 2002)). A de facto policymaker does not exist, making it necessary for a plaintiff to identify a specific policymaker, be it the city council, the city manager, or the chief of police, who promulgated policies and/or customs that caused his injuries. *See generally id*. (holding that "vague reference in passing" to policymakers is not sufficient). Joiner, in his Complaint, refers to the City as the source that "accepted, approved, and authorized" an unconstitutional policy. The identification of the City as the policymaker

fails to specify what officials or governing body of the City had the power to enact, implement, and enforce the policy of excessive force that lead to an alleged violation of Joiner's constitutional rights. Absent a proper identification, Joiner's pleading fails to satisfy the first element to establish municipal liability. *See, e.g. Piotrowski*, 237 F.3d at 579. (Plaintiff failed to identify the Mayor, City Council or Chief of Police as the policymaker that enforced a policy that led to the officer's alleged unconstitutional behavior).

### ii. An official policy[3]

As it pertains to § 1983, an official policy is

> "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." Alternatively, official policy is "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Finally, "a final decisionmaker's adoption of a course of action 'tailored to a particular situation and not intended to control decisions in later situations' may, in some circumstances, give rise to municipal liability under § 1983."

*Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000) (citations omitted).

In Joiner's Complaint he alleges that the City's written policy on excessive force is not the City's actual policy. *See* Dkt. 24, ¶ 39. Instead Joiner states that a de facto policy exist that encourages officers to use excessive force. *Id.* Joiner's conclusory

---

[3] "Plaintiffs do not need to prove a county custom or policy, but they must allege facts which, if true, state a claim for which relief can be granted." *Gast v. Singleton*, 402 F. Supp. 2d 794, 799 (S.D. Tex. 2005).

6

argument fails to identify a specific "lawmaking officer[] or . . . an official to whom the lawmakers have delegated policy-making authority" and the "policy statement, ordinance, regulation or decision" that the policymaker promulgated or officially adopted. *Id.* (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). Additionally, Joiner fails to reference in his pleading other instances that would demonstrate a common practice by city employees or officials of unconstitutional violations.[4] For a custom to exist—in lieu of an official policy—it must be a pervasive practice of the city, making a single incident an inadequate showing of a custom or policy.[5] *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009). Thus, Joiner's pleading fails to identify an official policy that would aid in establishing municipal liability against the City.[6]

### iii. A violation of constitutional rights whose moving force is the policy or custom

A plaintiff must "sufficiently plead any causal connection between the alleged unconstitutional policy or custom and the harm alleged to have occurred." *Doe 1--Doe 10 v. City of Wichita Falls, Texas*, No. 7-06CV-106-R, 2007 WL 959028, at *2 (N.D.

---

[4] "A pattern of conduct is necessary only when the municipal actors are not policymakers" *Parker v. Mo. City*, No. 4:12-CV-2484, 2015 WL 4431019, at *12 (S.D. Tex. July 17, 2015) (quoting Zarnow v. City of Wichita Falls, 614 F.3d 161, 169 (5th Cir. 2010)(international citation omitted)).

[5] The court, in *Peterson v. City of Fort Worth*, ruled that "27 incidents [over a span of three years,] . . . do[es] not suggest a pattern 'so common and well-settled as to constitute a custom that fairly represents municipal policy'" *Peterson*, 588 F.3d at 852 (2009) (quoting *Piotrowski*, 237 F.3d at 579).

[6] "The failure to train municipal employees may also constitute a 'policy,' but only when it 'reflects a "deliberate" or "conscious" choice by a municipality.'" *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 841 (S.D. Tex. 2011) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

Tex. Mar. 30, 2007). Here, Joiner fails to plead, in his Complaint, any direct causal link between a policy or custom and the constitutional violation by the City's police. Accordingly, Joiner fails to plead facts that sufficiently satisfy the three elements required to establish municipal liability.

### 2. Inadequate Training, Supervision, and Hiring

Next, Joiner claims that the City failed to properly train, supervise, and hire officers. In *Thomas v. City of Galveston, Texas,* the Court outlined the necessary elements to negate municipal immunity in a § 1983 claim involving a failure to train, supervise, and hire. 800 F. Supp. 2d 826, 841 (S.D. Tex. 2011). To establish municipal liability for failure to train or supervise, a plaintiff must allege "that the highly predictable consequence of not training or supervising the officer was that the officer would violate the Constitution; and [] that this failure to train or provide supervision was the moving force that had a specific causal connection to the constitutional injury." *Thomas*, 800 F. Supp. 2d at 841 (citing *Brown v. Bryan County*, 219 F.3d 450, 461 (5th Cir. 2000)).

In addition, for claims of inadequate training, a plaintiff is required to demonstrate that a pattern of conduct exists. *Id.* Finally, to hold a municipality liable for a policymaker improperly hiring an officer, a plaintiff must allege that there was a "deliberate indifference, which in this context means that the constitutional violation was a plainly obvious consequence of the hiring decision." *Id.* (citing *Sanders-Burn v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010))).

Although Joiner's Complaint provides lengthy allegations for this claim, they are generic, boilerplate recitations of the elements needed to show inadequate training,

8

supervision, and hiring by the City. For the reasons discussed above this Court concludes that Joiner fails to sufficiently plead this claim against the City.

### B. Request to Amend

Joiner requests leave to amend his Complaint to cure pleading deficiencies. *See* Dkt. 33, ¶¶ 23-24. The Fifth Circuit holds that "[a] party . . . is not entitled to remedy a pleading deficiency by seeking leave to amend in response to a motion to dismiss." *Spiller v. City of Tex. City Police Dep't.,* 130 F.3d 162, 167 (5th Cir. 1997). The City filed its motion to dismiss on November 2, 2015 (Dkt. 3). On March 22, 2016, Joiner filed a First Amended Complaint. *See* Dkt. 24. Nevertheless, after amending his Original Complaint (Dkt. 1), Joiner still failed to cure the deficiencies in his allegations against the City that was identified in the City's pending motion. Additionally, Joiner had until June 20, 2016 to amend his pleadings without leave of court, but made no further attempts to amend. *See* Dkt. 25. Accordingly, the Court **DENIES** Joiner's request for leave to file a second amended complaint (Dkt. 33) with respect to the claims against the City, as it would be futile. *See Whitley v. Hanna,* 726 F.3d 631, 648-49 (5th Cir. 2013).

## CONCLUSION

For the reasons described in this order, the Court finds that the City's Motion to Dismiss (Dkt. 29) should be **GRANTED**. Accordingly, Joiner's claims against the City are **DISMISSED**. Further, the Court **DENIES** Joiner's request to amend the pleading (Dkt. 33). Joiner's § 1983 claims against Officer Murphy and Officer Behler remain.

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on August 12, 2016

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE